IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDY BROWN | : | |
| Plaintiff | : | |
| vs. | : | Civil No. RWT 05-114 |
| PRINCE GEORGE'S COUNTY BOARD OF EDUCATION | : | |
| | : | |
| Defendant | | |
| | : | |

**MEMORANDUM OPINION**

On January 13, 2005, the Plaintiff, acting *pro se*, filed a Complaint against the Defendant, Prince George's County Board of Education. On February 9, 2005, Veronica Geneva Awkard, Esq. entered her appearance on behalf of the Plaintiff. With the assistance of counsel, the Plaintiff filed an Amended Complaint on March 22, 2005. The Defendant filed an Answer to the Amended Complaint on August 26, 2005, and a Scheduling Order was issued by this Court on August 29, 2005.

On September 12, 2005, a Joint Request for Early Settlement/ADR Conference was filed by counsel for the parties. In accordance with this joint request, the Court entered an Order on September 14, 2005, referring the case to Magistrate Judge William Connelly for settlement. An early settlement conference was conducted by Judge Connelly on October 31, 2005, but the parties were unable to arrive at a settlement. However, the parties continued, through counsel, to discuss and negotiate, and ultimately they were able to arrive at an agreement of settlement on November 17, 2005. This settlement was confirmed by an email from Plaintiff's counsel to counsel for the

Defendant advising that the settlement terms proposed by the Defendant had been agreed to, and requesting that counsel for the Defendant draft a settlement agreement.  On December 6, 2005, counsel for the Defendant formally communicated the terms of the settlement in a letter to counsel for the Plaintiff.  On December 16, 2005, the Plaintiff wrote a letter to his counsel agreeing to the terms of the proposed settlement outlined in the December 6, 2005 letter.  Also on December 16, 2005, counsel for the Defendant wrote a letter to counsel for the Plaintiff confirming the Plaintiff's acceptance of the settlement terms outlined in the December 6, 2005 letter.

In accordance with the agreement of the parties, counsel for the Defendant prepared a Settlement Agreement and Release document containing the same terms as were contained in the December 6, 2005 letter from the Defendant's counsel that outlined the terms of the settlement.  On February 15, 2006, counsel for the Defendant forwarded to the attorney for the Plaintiff the Settlement Agreement and Release together with a settlement check in the amount agreed upon by the parties.  On March 1, 2006, counsel for the Defendant received, via facsimile, the Settlement Agreement and Release executed by the Plaintiff bearing a date of February 28, 2006.  The original document was received by counsel for the Defendant on March 2, 2006.

On March 7, 2006, Plaintiff's counsel advised counsel for the Defendant that "Mr. Brown has informed me that he does not accept the settlement agreement in the above matter."  On March 17, 2006, the Defendant filed a Motion to Enforce the Settlement Agreement.  That same day, counsel for the Plaintiff filed a Motion to Withdraw from representation of the Plaintiff.  An Amended Motion to Withdraw was filed by plaintiff's counsel on April 4, 2006, in which she requested leave to withdraw because the "[c]lient has indicated his dissatisfaction with counsel's

representation, therefore, in the best interest of the client and the integrity of the judicial system, this motion should be granted."

On April 6, 2006, this Court granted the motion of Plaintiff's counsel for leave to withdraw, and referred the matter back to Judge Connelly. A follow-up settlement conference was held by Judge Connelly, but he was not successful in convincing the plaintiff to abide by the previously negotiated settlement.

The Plaintiff's time for the filing of a response to the Motion to Enforce Settlement Agreement was extended to June 12, 2006, and on that date, the Plaintiff filed a memorandum in opposition to the Defendant's motion and also filed a Motion to Set Aside the Settlement Agreement. In his memorandum, filed *pro se*, the Plaintiff complains about the conduct of his former attorney, the attorneys for the Defendant, and Judge Connelly. He does not, however, dispute that a settlement was reached and acknowledges that he had previously reached a decision to settle the suit against the Defendant. He also acknowledges that he signed the Settlement Agreement, and it is not without significance that he did so at a time when he was represented by competent counsel.

Based upon a review of the memoranda filed by the parties, it is clear that a complete settlement was reached between the parties, both of whom were represented by competent counsel. The Plaintiff's vague and unsubstantiated allegations of fraud allegedly committed by the attorneys and Judge Connelly are wholly unsupported. It is apparent that the Plaintiff has simply had second thoughts about the agreement reached by him, but "having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. F.D.I.C.*, 103 F.3d 1180, 1195 (4th Cir. 1997).

Further, a settlement contract is an executory accord. <u>Allstate v. Stinebaugh</u>, 824 A.2d 87, 97-98 (Md. 2003)("unless there is clear evidence to the contrary, a settlement agreement in Maryland is regarded as an executory accord")(internal citations omitted). The Maryland Court of Appeals has explained, "[a]n executory accord is simply a type of bilateral contract. As long as the basic requirements to form a contract are present, there is no reason to treat such a settlement agreement differently than other contracts which are binding." <u>Calabi v. Government Employees Ins. Co.</u>, 353 Md. 649, 653, 728 A.2d 206, 208 (1999). As a bilateral agreement between the parties, the settlement in this case should be enforced.

Lastly, the Court takes notice that the "law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation..." <u>West v. Liberty Mut. Ins. Co.</u>, CA-92-142-W, 1994 WL 399140, at *2 (4th Cir. Aug 3, 1994). A judgment enforcing the settlement agreement thus supports this public policy in favor of settlement. <u>Crandell v. U.S.</u>, 703 F.2d 74, 75 (4th Cir. 1983) ("[p]ublic policy, of course, favors private settlement of disputes. A trial judge if possible should assist parties in their attempts at settlement, even to the point of encouraging them").

Accordingly, the Court will, by separate Order, grant the Defendant's Motion to Enforce the Settlement Agreement, and deny the Plaintiff's Motion to Set Aside the Settlement Agreement.

Date: 11/9/06

                               /s/
                         ROGER W. TITUS
                   UNITED STATES DISTRICT JUDGE